NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RUSSELL CUCIAK, :
:
      Plaintiff, : Civ. No. 05-2658 (GEB)
:
v. : **MEMORANDUM OPINION**
:
BOARD OF CHOSEN FREEHOLDERS, :
 et al., :
:
      Defendants. :
:

**BROWN, District Judge**

    This matter comes before the Court upon plaintiff Russell Cuciak's ("Plaintiff") deficient motion for reconsideration of this Court's August 29, 2005 Opinion and Order that, inter alia, dismissed Plaintiff's Complaint against defendant Chris Savanovich for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's motion is granted and the August 29, 2005 Order is vacated with respect to the dismissal of the Complaint as against defendant Savanovich, with the claim asserting failure to protect against defendant Savanovich now reinstated.

**I.    DISCUSSION**

    On May 20, 2005 Plaintiff filed his Complaint alleging Eighth Amendment violations for failure to protect Plaintiff while in prison and conditions of confinement claims. On August 29, 2005, the Court granted Plaintiff's application to proceed in forma pauperis; dismissed Plaintiff's

conditions of confinement claim; dismissed the Complaint in its entirety as against defendant Chris Savanovich, asserting that he was an inmate and thus not a state actor liable under 42 U.S.C. § 1983; and permitted the failure to protect claim to proceed.  On October 19, 2005, Plaintiff filed a deficient motion for reconsideration pursuant to Local Civil Rule 7.1(i).

The standard for reconsideration is high and reconsideration is to be granted only sparingly.  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.[1]  L. Civ. R. 7.1(i).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999); see also L. Civ. R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule."  Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)(citation omitted).

Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  A motion that merely raises disagreement with the Court's initial decision is not an appropriate

---

[1] On February 24, 2005, Local Civil Rule 7.1(g), which governed motions for reargument, was repealed.  Now Local Civil Rule 7.1(i) governs motions for reconsideration.  Despite the rule's reassignment to a different subsection of Rule 7.1, it remains substantively the same and is decided under the same stringent standard.

reconsideration motion, but should be dealt with in the normal appellate process.  Bowers, 130 F. Supp. 2d at 613 (citations omitted); see also Florham Park Chevron, Inc. v. Chevron, U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988).  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998)(citation omitted).

In the instant matter, Plaintiff alleges that the Complaint "did or [meant] to state" that defendant Savanovich was a correctional officer and not an inmate.  A review of the Complaint reveals that defendant Savanovich was listed as "correctional staff" in the caption and again in the section entitled "Parties."  Thus, defendant Savanovich is allegedly a state actor subject to Section 1983 liability.  Accordingly, the Court will vacate the portion of the August 29, 2005 Order dismissing the Complaint as against defendant Savanovich, and the failure to protect claim is reinstated as against defendant Savanovich.

**II**.    **CONCLUSION**

For the reasons stated above, Plaintiff's motion for reconsideration is granted and the failure to protect claim is reinstated as against defendant Savanovich.


Dated: December 5, 2005


    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.