NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RUSSELL CUCIAK, *pro se*, | : |
| Plaintiff, | : Civ. No. 05-2658 (GEB) |
| v. | : **MEMORANDUM OPINION** |
| BOARD OF CHOSEN FREEHOLDERS, *et al.*, | : |
| Defendants. | : |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of defendants Ocean County Board of Freeholders, Theodore Hutler, Chris Savanovich, Thomas Haines, Theresa Kautman, Glenn Amirr, Ernest Mastria, and P. McCloud (collectively referred to as "Defendants") to dismiss pro se plaintiff Russell Cuciak's ("Plaintiff") Complaint. The Court, having considered Defendants' submission and having decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, denies Defendants' motion to dismiss the Complaint.

**I. BACKGROUND**

On or about May 20, 2005, Plaintiff filed his Complaint against Defendants alleging violations of his civil rights under 42 U.S.C. § 1983 occurring while Plaintiff was confined. On August 29, 2005, the Court entered an Order, inter alia, dismissing with prejudice the entire Complaint as against defendant Chris Savanovich for failure to state a claim, pursuant to 28

U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), dismissing with prejudice Plaintiff's conditions of confinement claim for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and ordering that Plaintiff's claim asserting failure to protect shall proceed against the remaining defendants.  On December 5, 2005, the Court entered an order granting Plaintiff's motion for reconsideration of the August 29, 2005 Order and reinstated the claim for failure to protect against Savanovich.

On or about March 21, 2006, Defendants filed the instant motion to dismiss Plaintiff's Complaint.  The Court has no record of any opposition filed by Plaintiff.

## II. DISCUSSION

### A. Standard for a Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.  Oran v. Stafford, 226 F.3d 275, 279 (3d Cir. 2000); Langford v. City of Atlantic City, 235 F.3d 845, 850 (3d Cir. 2000); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986).  The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.), cert. denied, 474 U.S. 935 (1985).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and

draw all reasonable factual inferences in favor of the plaintiff.  [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)(citing Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); see also Langford, 235 F.3d at 850; Dykes v. Southeastern Pa. Transp. Auth., 68 F.3d 1564, 1565 n.1 (3d Cir. 1995), cert. denied, 517 U.S. 1142 (1996); Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citation omitted).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the . . . claim . . . ." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness.  Papasan v. Allain, 478 U.S. 265, 286 (1986)(citation omitted); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)(stating that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.")(citations omitted)).

> B. The Facts Alleged in Plaintiff's Complaint May Support the Claim for Failure to Protect

Following initial screening of Plaintiff's pro se Complaint, the claims for failure to protect proceeded against all Defendants.  Defendants concede that prison officials must take reasonable measures to guarantee the safety of inmates, but assert that the record does not

3

support Plaintiff's claims. However, the well settled standard for motions under Rule 12(b)(6), set forth above, frames the issue as not whether Plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Given Defendants' arguments in favor of their motion to dismiss that responded to claims they discerned in Plaintiff's Complaint and the requirement that Plaintiff's pro se Complaint should be construed liberally, see Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004), the Court finds that Plaintiff's Complaint sufficiently states a claim under which relief could be granted.

Consequently, the Court denies Defendants' motion to dismiss, but without prejudice to the filing of a motion under Rule 56, and the matter is referred to the magistrate judge for the entry of an Order scheduling further proceedings.

**III.  CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss the Complaint is denied. An appropriate form of order is filed herewith.

Dated: May 5, 2006

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.