**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RUSSELL CUCIAK, | : | |
| | : | Civ. No. 05-2658 (GEB) |
| Plaintiffs, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| BOARD OF CHOSEN | : | |
| FREEHOLDERS, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon defendants Board of Chosen Freeholders, Theodore Hutler, Chris Savanovich, Thomas Haines, Theresa Kautman, Glenn Amirr, Ernest Mastria and P. McCloud's (collectively, "Defendants") motion for sanctions pursuant to Federal Rule of Civil Procedure 16(f) against *pro se* Plaintiff Russell Cuciak ("Plaintiff") for failure to file a timely Pretrial Memorandum [Docket Entry No. 19]. On December 5, 2006, Magistrate Judge Hughes issued a Report and Recommendation granting the motion for sanctions. This Court, having considered the parties' submissions, and for the reasons set forth below, will: (1) adopt Magistrate Judge Hughes' December 5, 2006 Report and Recommendation (as modified by the Amendment to Report and Recommendation filed on December 14, 2006) and (2) dismiss this matter with prejudice.

### I.      BACKGROUND

In his December 5, 2006 Report and Recommendation, Magistrate Judge Hughes described in detail the factual background of this case. The Court will not repeat that description, except for those portions that are necessary for this review.

On May 20, 2005, Plaintiff, while incarcerated at Ocean County Jail in Toms River, New Jersey, filed the Complaint in this action. Plaintiff's claims include civil rights violations, as he

contends that Defendants failed to protect him in violation of his Eight Amendment rights.  Plaintiff seeks compensatory and punitive damages.

On September 6, 2005, the Court issued an Opinion and Order granting Plaintiff's application to proceed *in forma pauperis*, dismissing Plaintiff's Complaint against Chris Savanovich and dismissing Plaintiff's claims regarding conditions of confinement. [Docket Entry No. 3].   On September 14, 2005, after Plaintiff was released from prison, he filed a letter advising the Court of his change of address. [Docket Entry No. 4].   Plaintiff then filed a Deficient Motion for Reconsideration on October 19, 2005. [Docket Entry No. 5].  On December 6, 2005, the Court issued an Order granting Plaintiff's Motion for Reconsideration with respect to the dismissal of the Complaint as to Chris Savanovich. [Docket Entry No. 7].  Defendant filed a Motion to Dismiss on March 21, 2006, [Docket Entry No. 8], which was denied on May 5, 2006. [Docket Entry No. 9]. A scheduling order was entered on May 23, 2006, setting August 15, 2006 as the deadline for submitting pretrial memoranda. [Docket Entry No. 11].   Defendants filed an answer and counterclaim on June 1, 2006. [Docket Entry No. 12], and submitted a pretrial memorandum on August 15, 2006. [Docket Entry No. 14].  On August 29, 2006, Plaintiff's deadline for submitting a pretrial memorandum was extended until October 30, 2006.  [Docket Entry No. 15].

On September 5, 2006, Defendants submitted a letter to the Court, stating that they believed Plaintiff to be residing at a new address, however, Plaintiff did not submit a change of address form to the Court.  Defendants' letter also advised the Court that they sent Plaintiff a copy of the notice of due date for the pretrial memorandum and instructions, along with a copy of Defendants' pretrial memorandum to Plaintiff's new address.  On September 8, 2006, instructions were mailed to Plaintiff regarding filing a notice of change of address.  To date, Plaintiff has not submitted a change of address or a pretrial memorandum.  Plaintiff has not communicated with this Court or the parties since October 19, 2005.

On November 1, 2006, Defendants filed a motion for sanctions against Plaintiff seeking dismissal of the case due to Plaintiff's failure to prosecute. [Docket Entry No. 19].  On December

2

5, 2006, Magistrate Judge Hughes issued a Report and Recommendation addressing Defendants' motion ("the Report and Recommendation"). Magistrate Judge Hughes recommended that Defendants' motion for sanctions be granted, and that Plaintiff's action be dismissed without prejudice. (Report and Recommendation at 8). On December 12, 2006, Defendants filed an objection to the Report and Recommendation, claiming that the action should have been dismissed with prejudice rather than without prejudice. On December 14, 2006, Magistrate Judge Hughes issued an Amendment to Report and Recommendation. [Docket Entry No. 23]. In the Amendment, the Court concluded that it inadvertently dismissed the action without prejudice, and revised its Order to dismiss the action with prejudice. [Docket Entry No. 24].

## II.   DISCUSSION

### A.   Standard of Review

Review of a Magistrate Judge's report and recommendation, as well as objections to it, is governed by Local Civil Rule 72.1. The rule provides that the Court "shall make a *de novo* determination of those portions [of the report and recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2). In conducting its review, the Court "may consider the record developed before the Magistrate Judge, making [its] own determination on the basis of that record." Id. See also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

### B.   The Report and Recommendation

In his Report and Recommendation, Magistrate Judge Hughes correctly observed that Federal Rule of Civil Procedure 16(f) provides:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), ©, (D).

In addition, Federal Rule of Civil Procedure 37(c) provides certain orders the Court may make in response to a party's failure to comply with Rule 16 including:

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Magistrate Judge Hughes cited to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863 (3d Cir. 1984), which provides the criteria for analyzing whether the sanction of dismissal of a party's claim for failure to comply with a discovery order is appropriate. Report and Recommendation at 5. In Poulis, the Court identified six criteria to determine whether dismissal is warranted, including: "(1) the extent of a party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. Meritoriousness is appropriate "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Id. at 870. Applying this test, Magistrate Judge Hughes found that Defendants satisfied these factors and recommended that this action be dismissed without prejudice. Id. at 5-8.

### C.    Defendants' Objection to the Report and Recommendation

On December 12, 2006, Defendants objected to the Report and Recommendation, claiming that the Court's decision should be modified to recommend that this action be dismissed with prejudice, rather than without prejudice. Defendants contended that the Poulis criteria are utilized when contemplating whether the Court will invoke the "'extreme' sanction of dismissal, with prejudice." [Docket Entry No. 22 at 1]. Defendants claimed that dismissal with prejudice is appropriate in this case. On December 14, 2006, Magistrate Judge Hughes entered an Amendment to Report and Recommendation, which acknowledged Defendants' objection. The Amendment stated that the Court inadvertently dismissed Plaintiff's case without prejudice, and found that

according to <u>Poulis</u>, Plaintiff's case should be dismissed with prejudice.

Upon review of Magistrate Judge Hughes' Report and Recommendation as well as Defendants' objection and the Amendment to the Report and Recommendation, the Court concludes that Magistrate Judge Hughes properly applied the <u>Poulis</u> criteria in dismissing this matter with prejudice.


**III.    CONCLUSION**

For the above reasons, the Court:  (1) adopts Magistrate Judge Hughes' Report and Recommendation, as modified by the December 14, 2006 Amendment to the Report and Recommendation; (2) grants Defendants' motion for sanctions; and (3) dismisses this action with prejudice.  An appropriate form of order is filed herewith.


Dated:  April 9, 2007


                                         s/ Garrett E. Brown, Jr.
                                     GARRETT E. BROWN, JR., U.S.D.J.